1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| MARICELA VERDE HERNANDEZ,<br><br>        Plaintiff,<br><br>           v.<br><br>BANK OF AMERICA, COUNTRYWIDE,<br><br>        Defendants. | 1:11-cv-00001 OWW JLT<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO SERVE THIS ORDER ON PLAINTIFF AND GRANTING ADDITIONAL TIME TO FILE OPPOSITION OR NOTICE OF OPPOSITION |

9

10

11

12

13

14

I. INTRODUCTION

15

        This action concerns real property located at 6651 Via Del

16

Mar, Bakersfield, California 93307 ("Subject Property").  It

17

appears from the Complaint that Plaintiff, Maricela Verde

18

Herndandez, purchased the property on or about June 23, 2006

19

financed through a loan from "Countrywide, Bank of America."

20

Doc. 1, Compl. ¶ 12.  At some point, Plaintiff "began

21

experiencing financial difficulties," and requested a loan

22

modification from her lender.  *Id*. at ¶¶ 14-15.  The lender

23

requested additional information regarding Plaintiff's

24

modification request.  *Id*. at ¶ 17.  On June 14, 2010, Bank of

25

America informed Plaintiff that it had "completed its review" of

26

her modification request, but the results of that review are not

27

28

articulated in the complaint.  *Id*. at ¶ 18.  Plaintiff appears to

allege that she and Defendant entered into an agreement to modify

the loan, but the property was sold at auction on June 16, 2010.

*See id*.

Plaintiff, through counsel, requested rescission of the

sale, which request was apparently denied.  *See id*. at ¶ 22.

Subsequently, Plaintiff filed a Complaint for Damages in the

Superior Court for the "County of Bakersfield," which was

accepted for filing by the Superior Court, Metropolitan Division,

County of Kern, on December 8, 2010.  The Complaint alleges

twelve state causes of action[1] and various violations of federal

law.  *See* Compl. at ¶ 19 (alleging violations of "12 U.S.C., 12

C.F.R., 15 U.S.C."); 4:27-5:4 (alleging a violation of the UCL

"predicated upon Violations of [the Truth in Lending Act

("TILA")]"); 17:15 (seeking relief under TILA).

On January 3, 2011, Defendant BAC Home Loans, erroneously

sued as Bank of America, Countrywide, timely and properly removed

pursuant to 28 U.S.C. § 1446(a), based upon federal question

jurisdiction.  Doc. 1.  Defendant subsequently noticed for

hearing on March 14, 2011 a motion for judgment on the pleadings,

or in the alternative for summary judgment.  Doc. 8.  That

---

[1] 1. Breach of Contract; 2. Violation of California Business & Professions Code §§ 17200-17500, et seq.; 3. Breach of the Covenant of Good Faith and Fair Dealing; 4. Fraud and Intentional Misrepresentation of Fact; 5. Negligent Misrepresentation of the Fact; 6. Unlawful Business Practices (Cal. Fin. Code § 22302); 8. Cancellation and Vacation of Foreclosure Sale; 9. Quiet Title; 10. Fraudulent Inducement; 11. Intentional Infliction of Emotional Distress; 12. Negligent Infliction of Emotional Distress.

**1**

**2** hearing was continued to March 21, 2011.  Doc. 10.  Notice of the

**3** new hearing date was served by U.S. Mail on Plaintiff's counsel.

**4** *See* Docket Entry Dated 1/27/11.  Plaintiff, who is represented by

**5** counsel, Emeka Godfrey Onwualu, failed to file any opposition.

**6** *See* Doc. 13.  A March 15, 2010 minute order took the matter off

**7** calendar and submitted the motion for judgment on the pleadings

**8** for decision on the papers.  Doc. 14.  The minute order was

**9** served via U.S. Mail on Plaintiff's counsel.  *See* Docket Entry

**10** Dated 3/15/11.

**11**      Defendant's motion for summary judgment directs the court's

**12** attention to evidence suggesting Defendant is entitled to

**13** judgment on every claim in the case.  To defeat a properly made

**14** motion for summary judgment, the non-moving party must show there

**15** exists a genuine dispute (or issue) of material fact.  *Anderson*

**16**
**17** *v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986)).  A fact is

**18** "material" if it "might affect the outcome of the suit under the

**19** governing law."  *Id.* at 248.

**20**      The Court is concerned that Plaintiffs' counsel has yet to

**21** enter an appearance in this case and failed to file any

**22** opposition or notice of non-opposition as is required by the

**23** local rules.  E.D.C.A. Local Rule 78-230(c).  In an abundance of

**24** caution, the Court instructs Plaintiffs' counsel to serve a copy

**25** of this order on Plaintiff and return proof of service to the

**26**
**27** Court.  Plaintiff will be afforded an additional fifteen (15)

**28**

3

1   days from electronic service of this order on Plaintiff's counsel

2   to inform the court whether or not Plaintiff intends to oppose

3   the motion.   If Plaintiff does not intend to oppose the motion

4   Plaintiff's counsel shall file a notice of non-opposition with

5   the Court.   See E.D.C.A. Local Rule 78-230(c).

6

7   SO ORDERED
    Dated: April 1, 2011

8                                    /s/ Oliver W. Wanger
                                  United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      **4**