**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARICELA VERDE HERNANDEZ,** | 1:11-cv-00001 OWW JLT |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 8) |
| v. | |
| **BANK OF AMERICA, COUNTRYWIDE,** | |
| Defendants. | |

**I. INTRODUCTION**

This action concerns real property located at 6651 Via Del Mar, Bakersfield, California, 93307 ("Subject Property"). The Complaint, apparently drafted by counsel, is riddled with typographical errors and partial sentences, making it difficult to understand. It appears from the Complaint that Plaintiff, Maricela Verde Herndandez, purchased the property on or about June 23, 2006 financed through a loan from "Countrywide, Bank of America." Doc. 1, Compl. ¶ 12. At some point, Plaintiff "began experiencing financial difficulties," and requested a loan modification from her lender. *Id*. at ¶¶ 14-15. The lender requested additional information regarding Plaintiff's modification request. *Id*. at ¶ 17. On June 14, 2010, Bank of America informed Plaintiff that it had "completed its review" of her modification request, but the results of that review are not articulated in the complaint. *Id*. at ¶ 18. Regardless of the

1

outcome, the property was sold under the power of sale on June 16, 2010.  *Id*.

Plaintiff, through counsel, requested rescission of the sale, which request was apparently denied.  *See id*. at ¶ 22. Subsequently, Plaintiff filed a Complaint for Damages in the Superior Court for the "County of Bakersfield," which was accepted for filing by the Superior Court, Metropolitan Division, County of Kern, on December 8, 2010.  The Complaint alleges twelve causes of action:

    1. Breach of Contract;

    2. Violation of California Business & Professions Code §§ 17200-17500, *et seq*.,

    3. Breach of the Covenant of Good Faith and Fair Dealing;

    4. Fraud and Intentional Misrepresentation of Fact;

    5. Negligent Misrepresentation of the Fact;

    6. Unlawful Business Practices (Cal. Fin. Code § 22302);

    8. Cancellation and Vacation of Foreclosure Sale;

    9. Quiet Title;

    10. Fraudulent Inducement;

    11. Intentional Infliction of Emotional Distress;

    12. Negligent Infliction of Emotional Distress.

The Complaint also contains allegations that Defendant violated various provisions of federal law.  *See* Compl. at ¶ 19 (alleging violations of "12 U.S.C., 12 C.F.R., 15 U.S.C."); 4:27-5:4

2

(alleging a violation of the UCL "predicated upon Violations of TILA"); 17:15 (seeking relief under TILA).

On January 3, 2011, Defendant BAC Home Loans, erroneously sued as Bank of America, Countrywide, timely and properly removed this case to federal court pursuant to 28 U.S.C. § 1446(a), based upon federal question jurisdiction. Doc. 1. Defendant subsequently noticed for hearing on March 14, 2011 a motion for judgment on the pleadings, or in the alternative for summary judgment. Doc. 8. That hearing was continued to March 21, 2011. Doc. 10. Notice of the new hearing date was served by U.S. Mail on Plaintiff's counsel. *See* Docket Entry Dated 1/27/11. Plaintiff, who is represented by counsel, failed to file any opposition. *See* Doc. 13. A March 15, 2010 minute order took the matter off calendar and submitted the motion for judgment on the pleadings for decision on the papers. Doc. 14. The minute order was served via U.S. Mail on Plaintiff's counsel March 15, 2011. In an abundance of caution, an Order directing Plaintiff's counsel to serve notice of the pending dispositive motion on Plaintiff was served by mail on Plaintiff's counsel May 1, 2011. Doc. 15. Plaintiff's counsel was ordered to return proof of service upon Plaintiff and was given an additional fifteen (15) days to inform the court whether or not Plaintiff intends to oppose the motion. *Id*. No proof of service or other communication from Plaintiff's counsel or Plaintiff has been

received.

Defendant's motion for judgment on the pleadings or in the alternative for summary judgment is GRANTED IN ITS ENTIRETY for the reasons set forth below.  In addition, a copy of this order shall be served on the State Bar of California with a cover letter directing that it be added to the disciplinary file of Plaintiff's counsel, Emeka Godfrey Onwualu, SBN # 161868.

## II. STANDARD OF DECISION

### A. Motion for Judgment on the Pleadings.

Federal Rule of Civil Procedure 12(c) states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion.  *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  To survive a motion to

4

1  dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citing *Twombly*, 550 U.S. 556-57).  Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

B.   <u>Motion for Summary Judgment.</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and

5

admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted).

Where the movant has the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007); *see also S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (noting that a party moving for summary judgment on claim on which it has the burden at trial "must establish beyond controversy every essential element" of the claim) (internal quotation marks omitted). With respect to an issue as to which the non-moving party has the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun*, 509 F.3d at 984. When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986)). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat

summary judgment."   *Id*.

To defeat a motion for summary judgment, the non-moving party must show there exists a genuine dispute (or issue) of material fact.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  "[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*. at 248.  In ruling on a motion for summary judgment, the district court does not make credibility determinations; rather, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id*. at 255.

### III. DISCUSSION

**A.   First Claim for Breach of Contract.**

Plaintiff's first cause of action appears to assert that the parties entered into a contract requiring a loan modification. It is not clear whether Plaintiff alleges that this agreement was written or oral.  Compl. at ¶ 24.

Defendant argues that Plaintiff has failed to establish that the parties have entered into a contract requiring a loan modification.  Defendant points out that any such agreement would directly contradict the written Deed of Trust, which provides that:

7

> ***Borrower Not Released; Forbearance By Lender Not a Waiver.*** **Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reasons of any demand made by the original Borrower or any Successors in Interest of Borrower. <u>Any forbearance by Lender in exercise of any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver or preclude the exercise of any right or remedy</u>**.

*See* **RFJN, Doc. 8-2, Ex. 3 § 12.**[1]

**Defendant has satisfied its burden to "point[] out that there is an absence of evidence to support the nonmoving party's case."** *Soremekun*, **509 F.3d at 984. Plaintiff failed to respond to Defendant's motion. The record contains no evidence of the existence of an agreement to modify the loan nor any definite and certain terms. Defendant's motion for summary judgment on the breach of contract claim is GRANTED.**

**B.   <u>Second Claim for Unfair Competition.</u>**

**Plaintiff's unfair competition clause is expressly "Predicated on Violations of TILA." Compl. at 5:3-4 (caption). TILA "requires creditors to provide borrowers with clear and**

---

[1] **A court may consider a document referenced in the Complaint even in the context of a Rule 12(b)(6) motion to dismiss.** *See Van Buskirk v. Cable News Network, Inc.*, **284 F.3d 977, 980 (9th Cir. 2002).**

8

accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Failure to satisfy TILA's requirements exposes a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." *Id*.

Plaintiff's Complaint seeks only damages. Doc. 1 at page 25-26 of 32. A plaintiff seeking damages under TILA must file suit within one year of the date of the alleged violation. 15 U.S.C. § 1640(e). As stated in *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.

Here, the only possible transaction for which disclosures would have been required was the closing of Plaintiff's loan on or about June 27, 2006. This lawsuit, filed January 3, 2011 is time barred. Defendant's motion for judgment on the pleadings and/or for summary judgment that the TILA claim is time barred is GRANTED.

C. <u>Third Claim for Breach of the Implied Covenant of Good Faith & Fair Dealing.</u>

The Complaint alleges that Defendant's omissions and misleading conduct in connection with the negotiation of a loan modification breached the implied covenant of good faith and fair dealing. However, a "courts are not at liberty to imply a

9

covenant directly at odds with a contract's express grant of discretionary power." *Third Story Music v. Waits*, 41 Cal. App. 4th 798 (1996). Here, the deed of trust expressly provides:

> Any forbearance by Lender in exercise of any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver or preclude the exercise of any right or remedy.

*See* RFJN Ex. 3 § 12. Plaintiff does not respond to Defendant's contention that her claim for breach of the covenant of good faith and fair dealing requires implication of a covenant at odds with this language. Defendant's motion for judgment on the pleadings as to the breach of the covenant of good faith and fair dealing claim is GRANTED.

D.  **Fourth Claim for Fraud, Tenth Claim for Fraudulent Inducement, and Fifth Claim for Negligent Misrepresentation.**

Justifiable reliance is an element of fraud, fraudulent inducement, and negligent misrepresentation. *See Engalla v. Permanente Medical Group*, Inc., 15 Cal. 4th 951, 973-74 (1997); *Conroy v. Regents of the Univ. of Cal.*, 45 Cal. 4th 1244, 1255-56 (2009). The Complaint does not allege and Plaintiff offers no proof of any action Plaintiff took in justifiable reliance on any misrepresentation allegedly made by Defendant. Defendant's motion for summary judgment as to the fourth and tenth claims for relief is GRANTED.

10

E.  **Sixth Claim for Violation of Cal. Bus. & Prof. Code § 17200 predicated on Violations of Cal. Fin. Code § 22302.**

California Business and Professions Code § 17200, California's Unfair Competition Law, provides: "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Plaintiff's § 17200 claim is predicated on an allegation that Defendant violated California Financial Code § 22302.

Section 22302 applies California Civil Code § 1670.5's prohibition on unconscionability to loan agreements. Civil Code Section 1670.5(a) allows the court to refuse to enforce all or part of a contract if the court finds as a matter of law that the contract or any clause of the contract was unconscionable at the time it was made. Cal. Civ. Code § 1670.5(a). The term "unconscionable" is not defined by statute but has been defined by the California courts. *Trend Homes, Inc. v. Superior Court*, 131 Cal. App. 4th 950, 956 (2005). "[U]nconscionability has both a 'procedural' and a 'substantive' element." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). The procedural element of unconscionability focuses on oppression and surprise. *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 160 (2005). "Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice." *Bruni v. Didion*, 160 Cal. App.

11

4th 1272 (2008); *Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796, 808 (2006). "Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Bruni*, 160 Cal. App. 4th at 1289; *Aron*, 143 Cal. App. 4th at 808. "The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create 'overly harsh' or 'one-sided' results as to 'shock the conscience.'" *Bruni*, 160 Cal. App. 4th at 1289; *Aron*, 143 Cal. App. 4th at 808. "Both elements must be present, but the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Trend Homes*, 131 Cal. App. 4th at 956 (internal quotation and citation omitted).

Here, Plaintiff does not allege let alone provide evidence of any contract that could even arguably be considered unconscionable. Defendant's motion for summary judgment on the sixth claim for relief is GRANTED.

F. <u>Eleventh Cause of Action for Intentional Infliction of Emotional Distress.</u>

The elements of the tort of intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional

12

distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct...." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (internal quotation and citation omitted). To be considered "outrageous," conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.

Plaintiff alleges that Defendant is liable for IIED by virtue of the misrepresentations they allegedly made to Plaintiff. The Complaint does not explain the nature of these alleged misrepresentations in a manner that would permit them to be classified as "outrageous." Defendant has moved for summary judgment, arguing that Plaintiff has not come forward with evidence establishing a dispute as to whether the alleged conduct was outrageous. Plaintiff's failure to respond in any way entitles Defendant to summary judgment on this claim.

Defendant's motion for summary judgment as to the IIED claim is GRANTED.

G. <u>Twelfth Claim for Negligent Infliction of Emotional Distress.</u>

In California, there is no independent tort of Negligent Infliction of Emotional Distress ("NIED"). Rather, a NIED claim is treated as a traditional negligence claim, the elements of which are duty, breach of duty, causation, and damages. *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (citing *Potter v.*

13

*Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)).

Plaintiff has failed to respond to Defendant's motion for summary judgment. There is no evidence in the record to support any of the elements of this claim.

Defendant's motion for summary judgment on the NIED claim is GRANTED.

H. <u>Seventh Cause of Action for Injunctive Relief, Eighth Cause of action to Cancel and Vacate the Foreclosure Sale, Ninth Cause of Action to Quiet Title.</u>

Plaintiff's remaining claims for injunctive relief (seventh), to cancel and vacate the foreclosure sale (eighth), and to quiet title (ninth), are dependent and derivative of the other claims in the case. Because Defendant is entitled to summary judgment as to all of the underlying substantive claims, Defendant's motion for summary judgment as to the seventh, eighth, and ninth claims is GRANTED.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED as to all of the claims in the Complaint. Defendant shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service.

In addition, a copy of this order shall be served on the

State Bar of California at 180 Howard Street, San Francisco, California, 94105, with a cover letter directing that it be added to the disciplinary file of Plaintiff's counsel, Emeka Godfrey Onwualu, SBN # 161868.

SO ORDERED  
Dated: May 11, 2011

/s/ Oliver W. Wanger<br>United States District Judge